IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

SOCIETY OF PROFESSIONAL
ENGINEERING EMPLOYEES IN
AEROSPACE, INTERNATIONAL
FEDERATION OF PROFESSIONAL
AND TECHNICAL EMPLOYEES,
LOCAL 2001,

        Plaintiff,

v.

                                               Case No. 14-1281-JTM

SPIRIT AEROSYSTEMS, INC,

        Defendant.

**MEMORANDUM AND ORDER**

Before the court is defendant's Motion to Revisit Issue on Remand (Dkt. 75) following the Tenth Circuit's reversal of this court's summary judgment determination in favor of defendant that a grievance over employee healthcare contributions was not arbitrable under the Collective Bargaining Agreement. Defendant now asks this court to revisit the issue of whether the grievance must be decided by the Plan Administrator of the healthcare plan based on Judge O'Brien's concurring opinion. That opinion: 1) described this court's characterization of the grievance as debatable and opined the grievance was "over the nomenclature used to deduct the amount" and not merely over the amount deducted (Dkt. 78, Concurring Op. at 7); 2) concluded that "[t]his dispute seems well within the Plan Administrator's power to decide" (*id.*); and 3) noted that even though Sprint had waived this issue for purposes of appeal, the district judge was not precluded from revisiting the issue on remand "should he see fit to do so" (*id.* at 8). Plaintiff opposes the motion, arguing it was prematurely filed, the law of the case stands, and defendant waived the Plan Administrator argument on appeal.

The court construes defendant's motion as one pursuant to Rule 60(b)(6), which provides that the court may relieve a party from a final judgment for "any other reason justifying relief from the operation of the judgment." Fed. R. Civ. P. 60(b)(6). Although Spirit's motion was premature, the court has jurisdiction to consider the motion upon the issuance of the appellate mandate on April 7, 2017. *See Burton v. Johnson*, 975 F.2d 690, 693 (10th Cir. 1992). In deference to Judge O'Brien's concurring opinion, the court exercises its discretion and will revisit the issue of whether the grievance must be decided by the Plan Administrator. Both parties shall submit briefing on this sole issue by May 5, 2017.

**IT IS SO ORDERED** this 20th day of April, 2017, that defendant's motion to reconsider (Dkt. 75) is granted to the extent that the court will revisit the issue of whether the dispute must be decided by the Plan Administrator. Both parties shall submit briefing by May 5, 2017.

s/ J. Thomas Marten  
Chief United States District Judge